**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------
MICHAEL JOHN PISKANIN, JR.,

                       Plaintiff,

    v.                                                14-CV-973
                                                      (MAD/CFH)

ATTORNEY GENERAL OF NEW YORK, et al.,

                       Defendants.
----------------------------------------------------------------

**APPEARANCES:**                                   **OF COUNSEL:**

MICHAEL JOHN PISKANIN, JR.
Plaintiff Pro Se
SCI Benner Township
301 Institution Drive
Bellefonte, Pennsylvania 19823

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a civil rights complaint brought by pro se plaintiff Michael John Piskanin, Jr. ("Piskanin") pursuant to 28 U.S.C. §§ 1442(a), 1446 and 2679, as well as, liberally reading the complaint, 42 U.S.C. § 1983.[1] Compl. (Dkt. No. 1). Piskanin has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 12.

---

[1] Piskanin alleges that various constitutional rights have been violated in connection with the alleged set-up as well as his arrest, subsequent criminal prosecution, and detainers which are lodged against him in New York and New Jersey. See Compl. at 1-4.

## I. DISCUSSION

### A. Application to Proceed IFP

Piskanin first submitted his complaint without either paying the filing fee or submitting an IFP application. Dkt. No. 3. The case was administratively closed by the Court. Id. Piskanin objected to the administrative closure, which was denied, and further instruction was provided to Piskanin on how to continue with his lawsuit. Dkt. Nos. 4-5. Piskanin ultimately appealed the administrative closure to the Second Circuit. Dkt. No. 9. That appeal is still pending.

Piskanin renewed his motion to proceed IFP on September 11, 2014, as well as sending the Court an inmate authorization form. Dkt. Nos. 7-8. The second motion was again denied as Piskanin's IFP application was incomplete pursuant to the Local Rules because it was neither certified nor included attachments of any of his inmate account statements which could have substituted for the facility's certification. Dkt. No. 10. Piskanin's efforts to comply with the Court's prior directives was acknowledged and Piskanin was granted an additional thirty days to pay the filing fee or submit a properly completed IFP application. Id.

Piskanin again renewed his motion to proceed IFP on October 23, 2014. Dkt. No. 12. After reviewing the entire file, the Court finds that plaintiff's financial status qualifies him to file this action without prepaying in full the filing fee. Although plaintiff is financially eligible to proceed IFP, he must still pay the partial filing fee as stated in 28 U.S.C. § 1915(b)(1). Plaintiff has filed the appropriate authorization form. Dkt. No. 7. Plaintiff's request to proceed IFP in this action is therefore granted.

**B. Allegations Contained in the Complaint**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Piskanin brings this action pursuant to 28 U.S.C. §§ 1442(a), 1446 and 2679. Piskanin contends that beginning in the late 1960s he began acting as an agent who was specially employed by the Federal Bureau of Investigations ("FBI") in Allentown, Pennsylvania. Compl. at 1. Piskanin was tasked with gathering information related to illegal drug sales, organized crime, and corruption. Id. Piskanin received evidence that a district attorney was murdered in the course of his employ, and in fear, avoided those who he felt were a danger to himself from 1984 to 2003. Id. at 1-2. In 2003, Piskanin attempted to infiltrate and marshal evidence against those who were behind the district attorney's murder; however, the situation devolved and Piskanin was allegedly set up by his wife who planted incriminating evidence in their hotel room. Id. at 2. Piskanin was searched, arrested, and prosecuted for the discovery of that evidence. Id.

Piskanin also contends that there were illegal detainers lodged against him in New York and New Jersey during this time frame. Id. The detainers are allegedly based on fabricated evidence and have not ever been acted upon as Piskanin has never been taken into New York or New Jersey custody to begin any criminal prosecutions. Id. at 3-4. Pursuant to the

3

complaint, these actions all represented violations of Piskanin's constitutional rights. Id. at 1-4. For further details, reference is made to the complaint.

Section 1442(a) provides in pertinent part that "[a] civil action or criminal prosecution that is commenced in a State court and that is against or directed to [a federal officer] . . . may be removed by them to the district court of the United States for the district and division embracing the place where it is pending." Piskanin's attempt to remove a state court action against himself pursuant to this section fails for a number of reasons. First, assuming Piskanin's actions as an informant were sufficient to establish that he was a federal officer protected by this statute, the criminal proceedings which Piskanin refer to in his complaint occurred in Pennsylvania. Accordingly, if this removal provision were to apply, the correct district court to receive the case would be one in Pennsylvania. To the extent Piskanin contends that New York is an appropriate venue, Piskanin admits that there was never any prosecution commenced in either New York or New Jersey despite the allegedly unconstitutional detainers which were lodged. Accordingly, this statute is inappropriate. Further, pursuant to 28 U.S.C. § 1446(b), to invoke this removal provision it must "be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading . . . or . . . after the service of summons upon the defendant . . . . whichever period is shorter." It appears Piskanin has been incarcerated since approximately 2003. This is further bolstered by the fact that Piskanin alleges that the New York and New Jersey detainers have been in existence for over a decade. These are the only proceedings which Piskanin refers to, and such reference is vague at best. Accordingly, as Piskanin is talking about a number of years which have passed, the removal, even if possible, is far from being timely.

Liberally construing Piskanin's complaint, it appears that he is alleging constitutional

4

violations in connection with his arrest, the evidence marshaled against him, and the subsequent criminal proceedings. The detainers which Piskanin refer to also seem to stem from this alleged conspiracy surrounding his criminal charges, prosecution and conviction. An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).

The gravamen of Piskanin's complaints deal with the arrest process, criminal investigation, prosecution, conviction, and collateral criminal prosecutions in other states which he faces. See generally Compl. The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages
> bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Piskanin's claims regarding the inappropriateness of his arrest; the search of his vehicle, person and motel room; the lodging of criminal charges and their subsequent prosecution and conviction; and collateral criminal prosecutions in other states all represent challenges that fall squarely within the ambit of Heck. Accordingly, were Piskanin to succeed on any theory espoused above, he

5

would necessarily call into question the validity of his sentence. As such, all of these claims are barred because he has failed to show that the sentence has been overturned. See Duamutef v. Morris, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation, and civil rights conspiracy under Heck where the plaintiff's underlying conviction had not been overturned). Accordingly, such claims would be barred under Heck and dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) is recommended as Dennis' complaint lacks an arguable basis in law.

In light of Piskanin's pro se status, an opportunity to amend would generally be recommended prior to outright dismissal. However, in this instance, Heck bars any claims unless or until the invalidation of Piskanin's sentence. This has yet to happen; therefore, amendment is futile and unnecessary. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

## II. Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that Piskanin's motion to proceed In Forma Pauperis (Dkt. No. 12) is **GRANTED**;[2] and it is further

---

[2] Plaintiff should note that although his in Forma Pauperis Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Piskanin's complaint be dismissed as the statutes under which he attempts to remove the case are inapplicable and liberally construing the complaint it is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994); and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Date:  October 29, 2014
        Albany, New York

Christian F. Hummel
U.S. Magistrate Judge